UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

TOM HAMMOND, et al.,

                Plaintiffs,                      **OPINION AND ORDER**

        - against -

                                  **08 Civ. 6060 (RMB) (RLE)**

THE BANK OF NEW YORK MELLON
CORPORATION, et al.,

                Defendants.

------------------------------------------------------

**RONALD L. ELLIS, United States Magistrate Judge:**

    The Parties submitted letters to the Court, presenting their positions on a discovery dispute regarding Plaintiffs' request that Defendants produce information on "the identities of putative class members who have contacted BNY Mellon concerning the lost data tapes *and* who have complained of or alleged to have suffered identity theft or fraud subsequent to February 2008." (Pls.' Letter to the Court ("Pls.' Letter"), Feb. 11, 2009 at 1-2.) Specifically, Plaintiffs want the names, addresses, and social security numbers of the individuals or entities at issue.

    Upon review of the submissions,

    **IT IS HEREBY ORDERED** the Defendants **PRODUCE** the material requested by Plaintiffs. The materials shall be designated "Confidential – Attorneys'-Eyes-Only." While Plaintiffs specifically requested an amendment to the Confidentiality Order in place in this case,[1] upon review, the Court concludes that the Confidentiality Order does not *preclude* this production, but merely provides that counsel "*may* mask ('redact') material deemed privileged,

---

[1] Plaintiffs specifically request "that the Confidentiality Order be amended to provide that Plaintiffs' counsel be entitled to the production – on a confidential, "Attorney's Eye Only" basis – of the names, addresses, and other identifying information of those putative class members who (i) have contacted BNY Mellon concerning the 'lost' data tapes at issue in this litigation, and (ii) have complaint of or allege to have suffered fraud or identity theft subsequent to February 2008 (the date on which this first data tape was 'lost')." (Pls.' Letter at 3.)

Sensitive Personal Information of non-named Plaintiffs . . . ." (Stipulation and Order Concerning Confidentiality of Documents and Materials, ¶ 5 (Docket No. 34) (emphasis added).)

The Court finds that the material Plaintiffs requested is relevant, and, upon the information presented, the request is not overly broad nor is production burdensome. Defendants' primary objection relates to privacy, and they argue that the underlying claims in this action are the result of "unauthorized access to sensitive personal information" to support their protection of this information. (Defs.' Letter to the Court, Feb. 6, 2009 at 3.) Defendants further reference cases, the California Constitution, and the Confidentiality Order in place in this action to assert that production is not appropriate. These arguments are unavailing as nothing presented prohibits production, but merely acknowledges the importance and weight of privacy. In fact, even the restrictions imposed by the California Constitution, if applicable and relevant here, would only impose upon Defendants a requirement to notify the affected individuals and clients prior to providing Plaintiffs' counsel with the material at issue. (Defs.' Letter to the Court, Jan. 9, 2009 at 3.) Defendants have made only vague allusions to the great burden and expense of undertaking this notification process and have failed to provide any evidence that the burden would outweigh the relevance. (*See id.*)

**SO ORDERED this 19th day of February 2009**
**New York, New York**

*/s/ Ronald Ellis*

The Honorable Ronald L. Ellis
United States Magistrate Judge

2