UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOM HAMMOND, et al., | : |
| | : |
| **Plaintiffs,** | :    MEMORANDUM |
| | :    OPINION AND ORDER |
| - against - | : |
| | :    08 Civ. 6060 (RMB) (RLE) |
| THE BANK OF NEW YORK MELLON | : |
| CORPORATION, et al., | : |
| | : |
| **Defendants.** | : |

**RONALD L. ELLIS, United States Magistrate Judge:**

Following review of the Parties' submissions regarding Defendant BNY Mellon's request

for a protective order pursuant to Federal Rule 26(c) to preclude Plaintiffs from asking BNY Mellon

employees their Social Security numbers in deposition, the Court concludes that Plaintiffs **MAY**

**NOT** ask BNY Mellon employees for this information.

The Court finds that there is no inherent privilege to protect against the production of, or

questions in deposition as to, a witness's Social Security number. *See, e.g.*, *Goodman v. City of New*

*York*, No. 03 Civ. 2497 (GEL), 2004 WL 1661105, at *2 (S.D.N.Y. July 23, 2004) (concluding

movant did not establish a basis for a Rule 26(c) protective order, but the legitimate privacy

interests demanded a confidentiality order with respect to personal information such as Social

Security numbers). The Court also recognizes that to establish the need for a protective order the

moving party must show that the balance of interests favor the movant's protection from

"annoyance, embarrassment, oppression, or undue burden or expense" over the nonmoving party's

demand for the information and discovery entitlements. FED. R. CIV. P. 26(c)(1); *see Goodman*,

2004 WL 1661105, at *2; *see also Otterson v. Nat'l Railroad Passenger Corp.*, 228 F.R.D. 206, 209

(S.D.N.Y. 2005). However, the threshold question of relevancy must not be discounted. In those

instances where the court has concluded that production of Social Security numbers was appropriate and there was no basis for a protective order, the purpose for the production and how it was relevant, or might lead to the discovery of relevant information, was also addressed. *See Pearson v. Heavey*, No. 96 Civ. 3863 (JSM), 1997 WL 159656, at *1 (S.D.N.Y. April 3, 1997) (concluding production of defendant's Social Security number would "would allow plaintiff to obtain background information that could lead to the discovery of relevant evidence . . . ."); *see also McDermott v. Marandi*, No. 04 Civ. 2392 (TPG) (DFE), 2005 WL 2218031, at *1 (S.D.N.Y. Sept. 13, 2005) (holding defendant's Social Security number should be produced so that plaintiff could run a credit report, as financial history was relevant to the claims and defenses in the litigation). Here, Plaintiffs have provided no colorable claim as to their need for BNY Mellon employees' Social Security numbers. These are not individuals who need to be located and it appears that no claims or allegations have been made against any of the individual employees. Further, the mere fact that BNY Mellon may have the Social Security numbers of Plaintiffs—because of the underlying facts in the instant litigation—does not provide a basis for finding the information relevant or that it will lead to the discovery of information relevant to the claims and defenses in this action.

Therefore, Plaintiffs **MAY NOT** ask BNY Mellon employees their Social Security numbers during the course of their deposition.

**SO ORDERED this 31st day of March 2009**
**New York, New York**

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**